# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRESTON LEE, | Civil Action No. 13 – 1757 |
| Plaintiff, | |
| v. | District Judge David S. Cercone |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| LT. SCHRADER and OFFICER J.C. SMITH, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### II. REPORT

Preston Lee ("Plaintiff") is a state prisoner currently incarcerated at SCI-Greene. He commenced this action by motion for leave to proceed *in forma pauperis*, which was received by the Court on December 10, 2013. (ECF No. 1.) The motion was denied as insufficient (ECF No. 2) but Plaintiff later filed another motion for leave to proceed *in forma pauperis* that was granted on January 24, 2014 (ECF Nos. 3-5.) Plaintiff's Complaint was filed that same day. (ECF No. 6.)

#### A. Plaintiff's Allegations

In his Complaint, Plaintiff alleges that Defendants retaliated against him in connection with an incident that occurred at SCI-Greene on November 4, 2013. Specifically, he alleges that

1

on this day he was given a pass to go to security where he was questioned by Defendants Officer J.C. Smith and Lt. Schrader about a fight that he allegedly had with another inmate by the name of Larry "Black" Jones in the yard on November 2, 2013. (ECF No. 6 at ¶¶ 1-2.) Plaintiff informed Smith and Schrader that he had not been in a fight with Black but there was another inmate by the name of Percy Lee who he may have been mistaken for given that they have the same last name. Id. at ¶ 3. Smith then pointed to Plaintiff's missing teeth and asked, "When did that happen?" Id. Plaintiff told them that it has occurred last year. Id.

At this point, Defendant Schrader berated Plaintiff about a grievance and lawsuit he had filed that had the whole medical department in an "up-roar." Id. at ¶ 4. Schrader said that he was going to "lock [Plaintiff's] ass up" and see if he could arrange for Plaintiff to spend some time on administrative custody status after he finished his disciplinary custody time. Id. at ¶ 5. Defendant Smith asked what they were going to do about inmate Black and Defendant Schrader stated that they were going to lock him up too because they already knew that he was involved in the fight with inmate Lee and it didn't matter which Lee it was. Id. at ¶ 6. He also stated that they could just rely on the fact that Plaintiff and inmate Black had fought in the yard last year and that Black "is the reason for the bullshit [Plaintiff] is crying about anyway." Id. at ¶ 7.

Plaintiff was then taken to the Restricted Housing Unit ("RHU") and issued a misconduct report for fighting. Id. at ¶ 8. The misconduct report stated that Plaintiff had admitted to fighting inmate Black, but the misconduct was dismissed following Plaintiff's hearing. Id.

**B. Screening**

This Court is required to review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for

*sua sponte* screening and dismissal of prisoner claims. Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*, *i.e.*, without the prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, and notwithstanding any portion of the filing fee that may have been paid, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A plaintiff fails to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). A plaintiff must allege specific facts supporting his claims to withstand dismissal under 28 U.S.C. § 1915(e) for failure to state a claim. Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently

alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

**C. Discussion**

Plaintiff is considered a "prisoner" as that term is defined under the PLRA and the Court has already granted him leave to proceed *in forma pauperis* in this action. Thus, the Court reviews his allegations in accordance with the directives provided in 28 U.S.C. § 1915(e).

Plaintiff claims that Defendants filed a false misconduct against him in retaliation for filing grievances and a lawsuit against the institution. He alleges that Defendants reported in the misconduct that Plaintiff had snitched and told them that he had been in a fight with inmate Black. After Plaintiff was issued the misconduct he was placed in the Restricted Housing Unit until his misconduct was dismissed following his hearing. Plaintiff alleges that Defendants recommended him for a separation transfer, but Plaintiff is still incarcerated at SCI-Greene, and Plaintiff himself admits that such a separation is speculative. Finally, Plaintiff alleges that Defendants did not follow Department of Correction policy by failing to record the interview they had with him in the security room.

Retaliation

It is well settled that retaliation for the exercise of a constitutionally protected right may violate the protections of the First Amendment, which is actionable under section 1983. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990). However, merely alleging the fact of retaliation is insufficient; in order to prevail on a retaliation claim, a plaintiff must show three things: (1) the conduct which led to the alleged retaliation was

constitutionally protected; (2) that he was subjected to adverse actions by a state actor (here, the prison officials);[1] and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action.[2]  *See* Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Anderson v. Davila, 125 F.3d 148, 163 (3d Cir. 1997).

Plaintiff's retaliation claim involving the filing of a false misconduct fails to state a claim pursuant to Brightwell v. Lehman, 637 F.3d 187 (3d Cir. 2011), which made clear that a correctional officer's filing of a false misconduct report that is subsequently dismissed does not rise to the level of an "adverse action."  Id. at 194.  *See also* Marten v. Hunt, 479 F. App'x 436, 438 (3d Cir. 2012).  As such, this claim should be dismissed.

Plaintiff also appears to raise another retaliation claim by alleging that Defendants recommended him for a separation transfer.  However, this raises only a speculation of potential adverse action, which is insufficient to state a claim for retaliation.  Moreover, Plaintiff has no liberty interest in any particular place of confinement. *See* Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976); Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995); Marchesani v. McCune, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976).

False Misconduct

It is well established that the act of filing a false disciplinary charge does not itself violate a prisoner's constitutional rights even if it may result in the deprivation of a protected liberty

---

[1] A plaintiff can satisfy the second requirement by demonstrating that the "adverse" action "was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights."  See Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).

[2] The third factor, "motivation," may be established by alleging a chronology of events from which retaliation plausibly may be inferred.  Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Goff v. Burton, 91 F.3d 1188 (8th Cir. 1996); Pride v. Peters, 72 F.3d 132 (Table), 1995 WL 746190 (7th Cir. 1995).

interest. *See* Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988). Instead, inmates have the right not to be deprived of a protected liberty interest without due process of law. Thus, where the prisoner is provided due process, no constitutional violation results from being falsely accused of a misconduct. *See* id. at 952-53 (holding that "the mere filing of [a false] charge" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and he had the opportunity to rebut the unfounded or false charges"); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984) (finding that so long as prison officials provide a prisoner with the procedural requirements outlined in Wolff v. McDonell, 418 U.S. 539, 558 (1974), then the prisoner has not suffered a constitutional violation); Strong v. Ford, 108 F.3d 1386, published in full-text format at 1997 U.S. App. LEXIS 5176, 1997 WL 120757 (9th Cir. 1997) (the alleged making of a false charge, however reprehensible or violative of state law or regulation, does not constitute deprivation of a federal right protected by section 1983 when it does not result in the imposition of atypical hardship on the inmate in relation to the ordinary incidents of prison life). *See also* Creter v. Arvonio, No. 92-4493, 1993 U.S. Dist. LEXIS 11016, 1993 WL 306425, at *7 (D. N.J. Aug. 5, 1993); Duncan v. Neas, No. 86-109, 1988 U.S. Dist. LEXIS 12534, 1988 WL 91571, at *1 (D. N.J. Aug. 30, 1988) (determining that "the alleged knowing falsity of the charge [does not state] a claim of deprivation of a constitutionally protected liberty interest . . . where procedural due protections were provided").

The threshold question is whether the sanction imposed impacted a constitutionally protected liberty interest which would invoke procedural due process protections. In this case, Plaintiff successfully defended himself in the disciplinary hearing and as a result his misconduct

was dismissed. Therefore, he was not deprived of a constitutionally protected liberty interest and any due process claim stemming from the alleged false misconduct fails to state a claim upon which relief may be granted.

Failure to Follow Policy

The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension. United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) ("[T]here is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations . . . ."); Culbert v. Young, 834 F.2d 624, 628 (7th Cir. 1987) (the adoption of mere procedural guidelines does not give rise to a liberty interest; thus, the failure to follow regulations does not, in and of itself, result in a violation of due process); Shango v. Jurich, 681 F.2d 1091, 1101-02 (7th Cir. 1982) ("[A] state created procedural right is not itself a liberty interest . . . . States may decide to engage in such proceedings, but the due process clause does not compel them to do so because no constitutionally cognizable substantive interest of the prisoner is at stake.").

Thus, violations of state statutes or rules or regulations that require certain procedures, which are not compelled by the Federal Constitution because there is no liberty interest that those state mandated procedures protect, do not make out a claim under Section 1983. Hayes v. Muller, No. 96-3420, 1996 U.S. Dist. LEXIS 14987, at *20 n.5 (E.D. Pa. Oct. 10, 1996) ("[A] state does not violate an individual's federal constitutional right to procedural due process merely by deviating from its own established procedures"); Rowe v. Fauver, 533 F. Supp. 1239, 1246 n.10 (D. N.J. 1982) ("[A] failure by state officials to follow state procedural regulations not independently required by the Constitution fails to state a claim under the Due Process Clause.")

Plaintiff's allegation that Defendants did not follow DOC policy because they did not record the interview in the security room on November 4, 2013, fails to state a claim upon which relief may be granted.

Amendment of Complaint

The court must allow amendment by the plaintiff in civil rights cases brought under § 1983 before dismissing, irrespective of whether it is requested, unless doing so would be "inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile). We are cognizant of these holdings, but find that allowing for amendment by Plaintiff would be futile. A careful review of the record commands that Plaintiff, even garnering all the liberalities that accompany his *pro se* status, fails to state any claims under § 1983 for which relief may be granted. For these reasons, Plaintiff's Complaint should be dismissed with prejudice.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to § 28 U.S.C. § 1915(e)(2)(B)(ii).

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: April 15, 2014

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Preston Lee
GH-8160
SCI Greene
175 Progress Drive
Waynesburg, PA 15370
*(Via First Class Mail)*